IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | C/A No: 9:23-cv-00209-BHH |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **COMPLAINT** |
| VS. | ) | |
| | ) | |
| RMC PROPERTY MANAGEMENT & CONSULTING, INC., KEITH D. SHEALY, 875 KETCH COURT OWNERS ASSOCIATION, INC., SHEALY FAMILY HILTON HEAD, LLC and SHEALY FAMILY HOLDINGS, LLC, | ) ) ) ) ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

COMES NOW RLI INSURANCE COMPANY ("RLI"), Plaintiff, in the above-styled action, seeking equitable and declaratory relief and shows this Court the following:

## NATURE OF ACTION

1. RLI files this action to obtain a judicial determination and declaration as to the parties' rights and obligations under two Miscellaneous Professional Liability Policies issued by RLI to RMC PROPERTY MANAGEMENT & CONSULTING, INC. ("RMC"), specifically Policy Number RTP0023079 for the policy period July 10, 2021 to July 10, 2022 (the "21-22 Policy" attached hereto as Exhibit A) and Policy Number RTP0026467 for the policy period July 10, 2022 to July 10, 2023 (the "22-23 Policy" attached hereto as Exhibit B). (The 21-22 Policy and the 22-23 Policy may be collectively referred to as the "Policies".)

2. An actual and justiciable controversy has arisen and now exists relating to the parties' rights, duties, and obligations under the Policies as RLI seeks a declaratory judgment that it has no duty to defend nor a duty to indemnify RMC in three underlying related actions.

## PARTIES AND JURISDICTION

3. At all times material hereto, RLI is an entity organized under the laws of the State of Illinois with its principal place of business in the State of Illinois.

4. Upon information and belief, RMC is a corporation organized under the laws of South Carolina with its principal place of business located on Hilton Head Island in South Carolina.

5. Upon information and belief, Keith D. Shealy ("Shealy") is a citizen and resident of Mecklenburg County, North Carolina, but owns real property in Beaufort Cunty, South Carolina and who may be interested in the matters herein.

6. Upon information and belief, 875 Ketch Court Owners Association, Inc., ("Owners Association") is a South Carolina not for profit corporation that was formed by the owners of certain real property including that known as Apartment 875 of Harbor Town Ketch Court II Horizontal Property Regime No. XXXV ("Property") located on Hilton Head Island, South Carolina.

7. Upon information and belief, the Shealy Family Hilton Head, LLC ("Shealy Family LLC") is a limited liability company formed under the laws of South Carolina which owns real property in the State of South Carolina and has no members who are citizens of the State of Illinois.

8. Upon information and belief, Shealy Family Holdings, LLC ("Shealy Family Holdings") is a limited liability company formed under the laws of South Carolina which owns real property in the State of South Carolina and has no members who are citizens of the State of Illinois.

9. Shealy, the Owners Association, the Shealy Family LLC, and Shealy Family Holdings, may be referred to herein collectively as "Interested Parties."

10. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, for the purposes of determining a question of actual controversy between the parties.

11. This action is currently ripe for adjudication.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between RLI and the Defendants and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00) because (1) RLI's potential coverage limits are Two Million and no/100 Dollars ($2,000,000.00) and (2) the claim and/or potential claims being asserted against RMC, upon information and belief, exceed $75,000.00.

13. Venue is proper in this district pursuant to 28 § U.S.C. 1391 (b)(1) because the RMC's principal place of business and the real property at issue is located in this judicial district.

## STATEMENT OF FACTS

14. Upon information and belief, RMC is a property management company engaged in property management and rentals, primarily in the timeshare field.

15. Upon information and belief, the Resale Co. ("Resale"), is another property management company owned by Judy Saul ("Saul").

16. Upon information and belief RMC entered into an agreement where Resale assigned RMC its rights, title and interest in managing certain timeshare units to facilitate the retirement of Saul ("Resale Agreement').

17. Upon information and belief, Resale had provided property management services for the timeshares and other property and RMC took over providing these services by virtue of the Resale Agreement.

18. On or about July 10, 2021, RLI issued the claims made and reported 21-22 Policy to RMC with a Policy Period of July 10, 2021 through July 10, 2022. Exhibit A.

19. On or about September 29, 2021, Shealy filed a complaint against RMC, Saul, bearing the name "Keith D. Shealy v. RMC Property Management & Consulting, d/b/a RMC Resort Management, et al.", Resale, and other unknown owners of the Property in the Beaufort County Court of Common Pleas in South Carolina bearing case number 2021CP0701758 ("Owners Complaint" in "Owners Lawsuit," attached hereto as Exhibit C).

20. RMC was served with the Owners Complaint on October 8, 2021. See Affidavit of Service, attached hereto as Exhibit D.

21. On February 17, 2022, RMC filed a complaint against multiple parties in the Beaufort County Court of Common Pleas in South Carolina bearing case number 2022CP0700299 ("RMC Lawsuit"), a copy of which is attached hereto as Exhibit E.

22. On June 1, 2022, Shealy filed a motion to amend the Owners Complaint in the Owners Lawsuit seeking to substitute the Owners Association as Plaintiff and allege actions (1) Accounting, (2) Breach of Contract, (3) Conversion, (3) Breach of Fiduciary Duty and (4) Injunctive Relief against RMC (hereinafter Owners Amended Complaint, attached hereto as Exhibit F.

23. On June 1, 2022, Shealy and the Shealy Family LLC filed a motion to intervene in the RMC Lawsuit (Exhibit G) and filed an answer, Counterclaim and Third-Party Complaint against RMC (hereinafter the "Owners Counterclaim" attached hereto as Exhibit H.

24. On or about June 9, 2022, RMC completed a Target Professionals™ - Miscellaneous Professional Liability Renewal Application ("Renewal Application"), attached hereto as Exhibit I

25. On the Renewal Application RMC answered the following question, "No":

9. After Inquiry, do any partners, members directors, or officers of the firm for which coverage is sought have knowledge of any incident, circumstance, an event, or unresolved dispute that may result in a claim?

Exhibit I

26. On July 10, 2022, RMC completed a Claims/Incident Disclosure ("Disclosure"), attached hereto as Exhibit J.

27. On the Disclosure, RMC answered the following question, "Yes":

(a) After inquiry, do any partners, members, directors, or officers of the firm for which coverage is sought, have knowledge of any incident, a circumstance, an event, or unresolved fee dispute that may result in a claim? If "Yes", please provide the following details:

Exhibit J

28. On the Disclosure, RMC provided the following details regarding question "(a)":

- Project Name villa shares
- Potential Claimant Keith Shealy
- Alleged Damages not specified - requesting accounting for funds transferred from previous manager to our firm ·we are processing request
- Dates 6/1/22

Exhibit J

29. On the Disclosure, RMC answered the following question "No":

Within the past 5 years, have any claims been made or legal action brought against the firm, its predecessors(s), or any past or present principals, partners, insurance managers, or employees?

Exhibit J

30. On July 10, 2022, the 21-22 Policy expired, and the 22-23 Policy incepted providing claims made and reported coverage with a Policy Period of July 10, 2022, through July 10, 2023. Exhibits A and B.

31. In order to trigger the insuring agreements in the Policies, a Claim must be first made during the Policy Period and first reported in the same Policy Period, or the sixty (60) day Automatic Reporting Period (AERP). Exhibits A & B.

32. RMC did not report the Owners Lawsuit to RLI in accordance with the terms of the 21-22 Policy prior to July 10, 2022.

33. RMC did not report the Owners Counterclaim in the RMC Lawsuit to RLI in accordance with the terms of the 21-22 Policy prior to July 10, 2022.

34. On September 8, 2022, the sixty (60) day Automatic Extended Reporting Period ("AERP") for the 21-22 Policy expired. Exhibit A.

35. RMC did not report the Owners Lawsuit to RLI in accordance with the terms of the 21-22 Policy prior to September 8, 2022.

36. RMC did not report the Owners Counterclaim in the RMC Lawsuit to RLI in accordance with the terms of the 21-22 Policy prior to September 8, 2022.

37. On or October 6, 2022, Shealy Family Holdings filed a third action, a complaint against RMC in the Beaufort County Court of Common Pleas bearing case number 2022-CP-07-01922 ("Shealy Lawsuit") and a copy of the complaint in this action ("Shealy Complaint") it attached as Exhibit K hereto.

38. The Owners Lawsuit, the RMC Lawsuit, and the Shealy Lawsuit may collectively be referred to as the "Lawsuits."

39. On October 26, 2022, RMC reported the Owners Lawsuit to RLI seeking coverage under the 22-23 Policy.

40. On or about December 3, 2022, RMC reported the Owners Counterclaim to RLI seeking coverage under the 22-23 Policy.

41. On or about December 14, 2022, RMC reported the Shealy Lawsuit to RLI seeking coverage under the 22-23 Policy.

42. The Policies provide that "**Claims** arising out of the same **Wrongful Act**, interrelated **Wrongful Acts**, or a series of similarly or related **Wrongful Acts** shall be a considered a single **Claim** subject to one **Claim** Limit and shall be considered first made during the **Policy Period…**in which the earliest **Claim** arising out of such **Wrongful Act(s)** was first made…regardless of whether the earliest such **Claim** predates the **Policy Period**." **Exhibits A and B**

43. The Owners Lawsuit, the RMC Lawsuit, and the Shealy Lawsuits all arise from the same set of facts and allege the same or interrelated Wrongful Acts and are therefore considered a single Claim first made on October 8, 2021, the date the Owners Lawsuit was served on RMC.

## COUNT I
### (Owners Lawsuit not Made and Reported in the Same Policy Period)

44. The Plaintiff incorporates all prior paragraphs of this Complaint as if re-stated herein.

45. On October 28, 2022, RMC reported the Owners Lawsuit to RLI seeking coverage under the 22-23 Policy.

46. The 21-22 Policy and the 22-23 Policy are both what is commonly referred to as "claims-made-and-reported policies".

47. The Policies include the following language:

1.    INSURING AGREEMENTS

*RLI vs. RMC* Complaint
Page 8.

      a.    The insurer will pay on behalf of the I**nsured**[1]**, Claim Expenses**[2] and **Damages**[3] in excess of the Deductible that the **Insured** shall become legally obligated to pay because of Claims first made against the Insured during the Policy Period and first reported to the Insurer during the **Policy Period**[4], the [AERP], or if applicable, during the Extended Reporting Period[5], for **Wrongful Acts**[6],

---

[1] Words in bold are defined in the Policies. In the Policies "Insured" means among other things the "Named Insured" which means the "entity or natural person specified in Item 1. of the Policy Declarations." Here this is "RMC Property Management & Consulting, Inc. **Exhibits A and B** at Pp. 1, 6, and 7.

[2] "**Claim Expenses**" means:
> reasonable and necessary legal fees and expenses incurred by the Insurer or by any attorney designated by the Insurer to defend any **Insured** and all other fees, costs, costs of attachment or similar bonds resulting from the investigation, adjustment, defense and appeal of a **Claim**, but does not include salaries, wages, overhead or benefits expenses of any Insured. The Insurer has no obligation, however, to apply for or furnish costs of attachment or similar bonds. **Claim Expenses** do not include any fees and expenses incurred prior to the date the **Insured** first provided notice of a **Claim** to the Insurer.

**Exhibit A and B** at P. 6.

[3] "Damages" means
> monetary judgments or settlements, including but not limited to compensatory damages, pre- judgment and post-judgment interest that an Insured is legally obligated to pay, and punitive or exemplary damages to the extent such damages are insurable under applicable law, but shall not mean or include any of the following:
> a. that portion of any multiplied damage award that exceeds the amount multiplied, criminal or civil fines or penalties imposed by law, taxes, matters deemed uninsurable under the law pursuant to which this Policy shall be construed; or b. the return, reduction or dispute over any fees, deposits, expenses, costs, or commissions charged or collected by the Insured.
> For the purpose of determining the insurability of punitive damages or exemplary damages, the laws of the jurisdiction most favorable to the insurability of such damages shall control that determination, provided that such jurisdiction has a substantial relationship to the Named Insured or to the Claim giving rise to such punitive damages and exemplary damages.

**Exhibits A and B** at P. 6.

[4] "Policy Period" means,
> the period from the effective date of this Policy to the Policy expiration date as stated in Item 2. of the Declarations or the effective date of cancellation or nonrenewal, if any. Policy Period does not include any Automatic Extended Reporting Period. If the length of the Policy Period is the same as the Policy Year, the terms Policy Period and Policy Year are used interchangeably herein.

**Exhibits A and B** at P. 7.

[5] No Extended Reporting Period was purchased for the 21-22 Policy in accordance with Item 9 of the Declarations. Ex # at P. 3.

[6] "Wrongful Act" means any actual or alleged error, omission or negligent act, committed solely in the rendering of or failure to render Professional Services by an Insured or any person or entity for which the Insured is legally liable. Wrongful Act also means any actual or alleged error, omission or negligent act committed solely in the rendering of or failure to render Professional Services by an Insured or any person or entity for which the Insured is legally liable and that results in Personal Injury. **Exhibits A and B** at P. 7.

committed on or subsequent to the **Retroactive Date**[7] and before the end of this **Policy Period**, to which this insurance applies.

48.     The Policies define a "Claim" as follows:

"**Claim**" means

a.     a demand for money as compensation for a **Wrongful Act**; or

b.     any civil judicial or administrative proceeding, including a Disciplinary Proceeding, mediation or arbitration initiated against any Insured seeking to hold such Insured responsible for a Wrongful Act, including any appeal therefrom; or
c. any request to toll the statute of limitations relating to a Wrongful Act.

A Claim shall be considered first made when any Insured or the Insured's legal representative or agent first receives notice of the Claim.

**Exhibits A and B.**

49.     The Owners Lawsuit was filed on September 29, 2021. **Exhibit C.**

50.     The Complaint in the Owners Lawsuit asserts claims for (1) declaratory relief regarding ownership of the Property and (2) a TRO restraining certain action including restraining RMC as acting as agent for the Property; and (3) "such further relief as this Court may determine to by just". **Exhibit C**.

51.     The Complaint in the Owners Lawsuit alleges wrongdoing on the part of RMC in rendering property management services including, among other things, "RMC intends to move forward as agent without the appointment but a majority of interest of owners and in violation of the Declaration." **Exhibit C** at ¶21.

52.     The Owners Lawsuit is a Claim as defined by the 21-22 Policy.

---

[7] "Retroactive Date" means the date specified in Item 5. of the Declarations. **Exhibits A and B** at P 7. The Policies have a Retroactive Date of May 7, 2007. Id. at P. 2.

53. The Owners Lawsuit was served on Walter J. Nester, as Registered Agent for RMC Management & Consulting, LLC, on October 8, 2021, and as such is considered first made during the 21-22 Policy Period, July 10, 2021 to July 10, 2022. **Exhibit C.**

54. On June 1, 2022, the Plaintiff in the Owners Lawsuit moved to amend the Owners Complaint to allege (1) Accounting, (2) Breach of Contract, (3) Conversion, (3) Breach of Fiduciary Duty and (4) Injunctive Relief against RMC. **Exhibit F.**

55. As such, the Owners Lawsuit is a Claim made during the Policy Period of the 21-22 Policy.

56. The Policies including the following language in the section entitled "Notice":

a. Each **Insured** as a condition precedent to the coverage hereunder:

   (i) shall provide written notice of a **Claim** as soon as possible, of particulars sufficient to identify the **Insured** and all reasonably obtainable information with respect to the time, place and particulars thereof, and the names and addresses of available witnesses;

   (ii) if a **Claim** is made, the **Insured**, shall immediately forward to the Insurer every demand, notice, summons, order or other process received by the **Insured** or the **Insured's** representative. This requirement continues throughout the life of the **Claim**.

57. The Policies also include the following language in the section "Notice":

Notice to the Insurer of any **Claim** under this Policy shall be given to:

RLI Insurance Company
9025 North Lindbergh Drive
Peoria, Illinois 61615-1431
Attention: Claim Department
Facsimile: (866) 692-6796
E-mail: new.claim@rlicorp.com

All other notices to the Insurer under this Policy shall be given to the same addressee but to the attention of the Underwriting Department. Notice given as described above shall be deemed to be received and effective upon actual receipt thereof by the addressee or one day following the date such notice was sent, whichever is earlier.

58. Despite being served with the Owner's Lawsuit on October 8, 2021, RMC did not report to RLI the Owners Lawsuit until over a year later, on October 26, 2022, after the 21-22 Policy had expired.

59. RMC did not report the Owners Lawsuit during the Policy Period of the 21-22 Policy or the AERP of the 21-22 Policy.

60. Because the Owners Lawsuit is a Claim first made against the Insured during the 21-22 Policy Period but, notice of the Owners Lawsuit was not reported to RLI during the 21-22 Policy Period or the AERP of the 21-22 Policy, RLI has no obligation to pay Claim Expenses or Damages under the 21-22 Policy.

61. Because the Owners Lawsuit is a Claim first made against the Insured during the 21-22 Policy Period, but RMC gave RLI Notice of it in the 22-23 Policy Period, RLI has no obligation to pay Claim Expenses or Damages under the 22-23 Policy.

62. Additionally, because the Owners Lawsuit was not timely noticed to RLI "as soon as possible" RLI has no obligation to pay Claim Expenses or Damages under the 21-22 Policy or the 22-23 Policy.

63. RLI is entitled to a declaration that it has no obligation to defend or indemnify RMC in the Owners Lawsuit because there is no potential for coverage of this Claim under the language of either the 22-23 Policy or the 22-23 Policy.

## COUNT II
**(Owners Counterclaim not Made and Reported in the Same Policy Period)**

64. The Plaintiff incorporates all prior paragraphs of this Complaint as if re-stated herein.

65. The Owners Counterclaim was electronically filed in the RMC Lawsuit on June 1, 2022.

66. The Owners Counterclaim alleges against RMC claims for (1) Breach of Fiduciary Duty; (2) Conversion; (3) Accounting; (4) Breach of Contract; (5) a TRO; (6) Appointment of a Receiver; (7) Statutory Violation by a broker-in-charge; and (8) Declaratory Judgment. **Exhibit H**, generally.

67. RMC was represented by counsel in the RMC Lawsuit beginning from the time the complaint in that action was filed on February 17, 2022.

68. RMC's counsel was served with the Owners Counterclaim via the Beaufort County Court of Common Pleas electronic filing service on or about June 1, 2022.

69. The Owners Counterclaim in the RMC Lawsuit was first made against RMC on June 1, 2022.

70. RMC's counsel was served with the Owners Counterclaim prior to the expiration of the 21-22 Policy.

71. Because RMC and/or its legal representative received notice of the Owners Counterclaim prior to July 10, 2022, the Owners Counterclaim was made during the Policy Period of the 21-22 Policy.

72. The RMC Lawsuit and the Owners Lawsuit are deemed a related Claim under the 21-22 Policy, first made on October 8, 2021.

73. RMC did not report to RLI the Owners Counterclaim during the 21-22 Policy Period.

74. RMC did not report to RLI the Owners Counterclaim during the AERP of the 21-22 Policy.

75. It was not until December 9, 2022, months after the 21-22 Policy expired that RMC first provided notice of the Owners Counterclaim to RLI.

76. Because the Owners Counterclaim is a Claim first made against the Insured during the 21-22 Policy Period, but, was not reported to RLI during the 21-22 Policy Period or the AERP of the 21-22 Policy, RLI has no obligation to pay Claim Expenses or Damages under the 21-22 Policy.

77. Because the Owners Counterclaim is a Claim first made against the Insured during the 21-22 Policy Period, but RMC reported it to RLI during the 22-23 Policy Period, RLI has no obligation to pay Claim Expenses or Damages under the 22-23 Policy.

78. RLI is entitled to a declaration that it has no obligation to defend or indemnify RMC in the Owners Counterclaim because there is no potential for coverage of this Claim under the language of either the 21-22 Policy or the 22-23 Policy.

## COUNT III
### (No Coverage for Related Claims)

79. The Plaintiff incorporates all prior paragraphs of this Complaint as if re-stated herein.

80. The Policies include the following language:

**6. LIMITS OF LIABILITY AND DEDUCTIBLE**
Regardless of the number of **Insureds** under this Policy, **Claims** brought on account of **Wrongful Acts(s)** or otherwise, the insurer's liability is limited as follows:

g. **Claims** based upon or arising out of the same **Wrongful Act**, interrelated **Wrongful Acts**, or a series of similar or related **Wrongful Acts** shall be considered a single **Claim** subject to one **Claim** Limit and shall be considered first made during the **Policy Period**, the Automatic Extended Reporting Period, or Extended Reporting Period, if applicable, in which the earliest **Claim** arising out of such **Wrongful Act(s)** was first made and all Damages from such **Claims** shall be subject to the one Limit of Liability that applies to such earliest **Claim**, regardless of whether the earliest **Claim** predates the Policy Period.

**Exhibits A and B.**

81. The Owners Counterclaim alleges a Claim based upon or arising out of the same Wrongful Act, interrelated Wrongful Acts, or a series of similar or related Wrongful Acts as the Claim alleged in the Owners Lawsuit.

82. The Shealy Lawsuit alleges a Claim based upon or arising out of the based upon or arising out of the same Wrongful Act, interrelated Wrongful Acts, or a series of similar or related Wrongful Acts as the Claim alleged in the Owners Lawsuit.

83. Based on the language of the Policies, the Owners Lawsuit and the Shealy Lawsuit are deemed a single Claim.

84. Based on the language of the Policies the Owners Counterclaim and the Shealy Lawsuit are a single Claim.

85. Based on the language of the Policies, the Lawsuits are a single Claim first made when the Owners Lawsuit was served on RMC, October 8, 2021.

86. Because the Claim that is the subject of the Lawsuits was first made in the 21-22 Policy period, but was not reported during the 21-22 Policy period, there is no coverage for the Lawsuits under the 21-22 Policy Period.

87. Because the Claim that is the subject of the Lawsuit was first made during the 21-22 Policy period, there is no coverage for the Lawsuits under the 22-23 Policy.

## COUNT IV
### (Reimbursement of Claims Expenses by Insured)

88. The Plaintiff incorporates all prior paragraphs of this Complaint as if re-stated herein.

89. Section 3. of the RLI Policy, as amended by the AMENDMENT OF DEFENSE AND SETTLEMENT (II) Endorsement, states in part:

> The **Named Insured** shall promptly reimburse the Insurer for all **Claim Expenses** paid or incurred by the Insurer on account of a **Claim** upon a final judgment or adjudication that the Insurer owes not duty to defend the **Claim**.

**Exhibits A and B.**

90. RLI has undertaken to defend RMC in the Owners Lawsuit, the Owners Counterclaim, and the Shealy Lawsuit.

91. If this Court finds that RLI has no duty to defend RMC in one or more of the Lawsuits, RLI is entitled to reimbursement for all Claims Expenses paid or incurred by it on account of the Claim.

92. RLI is entitled to a declaration that it is entitled to reimbursement for all Claims Expenses that it has paid or incurred or that it will pay or incur on account of (1) the Owners Lawsuit; (2) the Owners Counterclaim; and/or (3) the Shealy Lawsuit.

## COUNT V
### (No Obligation of RLI to Reimburse Prior Fees and Expenses)

93. The Plaintiff incorporates all prior paragraphs of this Complaint as if re-stated herein.

94. The definition of **Claim Expenses** under the Policies does not include fees and expenses incurred prior to the date the Insured first provided notice of a Claim to the Insurer. *See* fn 2, herein;

95. The Owners Lawsuit was reported to RLI on October 26, 2022.

96. The Owners Counterclaim was reported to RLI on December 3, 2022.

97. The Shealy Lawsuit was reported to RLI on December 14, 2022.

98. RLI is entitled to a declaration that it has no obligation to reimburse RMC for fees and or expenses it incurred related to the Owners Lawsuit prior to October 28, 2022.

99.RLI is entitled to a declaration that is has no obligation to reimburse RMC for fees and or expenses it incurred related to the Owners Crossclaims prior to December 3, 2022.

100.RLI is entitled to a declaration that it has no obligation to reimburse RMC for fees and/or expenses incurred related to the Shealy Lawsuit prior to ###.

## RESERVATION OF GROUNDS

101.RLI incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein;

102.The Policies contain additional terms and conditions which may also limit or exclude RLI's obligations under these policies and/or void these policies which include but are not limited to:

a. The definition of Damages in the Policies does not mean or include "the return, reduction or dispute over any fees, deposits, expenses, costs, or commissions charged or collected by the **Insured**" (fn 1, herein);

b. Exclusion a in the Policies excludes coverage for Claims "arising out of, directly or indirectly resulting from or in consequence of or in any way involving…conduct by any **Insured** that is criminal, fraudulent, dishonest or with intent to cause damage; however, this Exclusion shall not apply to **Claim Expenses** incurred until a final judgment or adjudication is rendered against any **Insured** for such conduct at which time the **Insured** shall reimburse the Insurer for **Claim Expenses** paid or incurred on account of such **Claim**…". **Exhibits A and B;** and/or

c. Section 3 of the Policies, as amended by the AMENDMENT OF DEFENSE AND SETTLEMENT (II) Endorsement, states in part, "An Insured shall not, except at

personal costs, make any offer or payment…assume any obligation, or incur any expense without the Insurer's prior written consent. Any such offer or payment…assumption of any obligation, or expense incurred without the Insurer's prior written consent shall be the sole obligation of the Insured."

**Exhibit A and B.**

103. Additional facts may be discovered that may also limit or exclude RLI's obligations with respect to the Owners Lawsuit, the Owners Counterclaim, and/or the Shealy Lawsuit under the Policies or which may void the Policies.

104. RLI does not waive the right to assert additional grounds for relief by way of an amendment to this complaint.

WHEREFORE, Plaintiff RLI respectfully requests this Honorable Court enter judgment in its favor and to declare and enter judgment as follow:

a. That RLI has no duty to defend or indemnify RMC in the Owners Lawsuit under the 21-22 Policy;

b. That RLI has no duty to defend or indemnify RMC in the Owners Lawsuit under the 22-23 Policy;

c. That RLI has no duty to defend or indemnify RMC in the Owners Counterclaim under the 21-22 Policy;

d. That RLI has no duty to defend or indemnify RMC in the Owners Counterclaim under the 22-23 Policy;

e. That RLI has no duty to defend or indemnify RMC in the Shealy Lawsuit under the 21-22 Policy;

f.    That RLI has no duty to defend or indemnify RMC in the Shealy Lawsuit under the 22-23 Policy;

g.    That RLI is entitled to reimbursement for all Claims Expenses that it has paid or incurred or that it will pay or incur on account of the Owners Lawsuit;

h.    That RLI is entitled to reimbursement for all Claims Expenses that it has paid or incurred or that it will pay or incur on account of the Owners Counterclaim;

i.    That RLI is entitled to reimbursement for all Claims Expenses that it has paid or incurred or that it will pay or incur on account of the Shealy Lawsuit;

j.    RLI has no obligation to reimburse RMC for fees and or expenses it incurred related to the Owners Lawsuit prior to October 26, 2022.

k.    RLI has no obligation to reimburse RMC for fees and or expenses it incurred related to the Owners Crossclaims prior to December 3, 2022.

l.    RLI has no obligation to reimburse RMC for fees and/or expenses incurred related to the Shealy Lawsuit prior to December 14, 2022;

m.    Its fees and costs incurred in this matter to the extent allowed by contract or law; and/or

n.    Any further relief that this Honorable Court may award.

    s/ ***Allen Leland Dupre***
    Robert T. Lyles, Jr., Esq. (Fed ID 3029)
    Allen Leland DuPre, Esq. (Fed ID 7252)
    LYLES & ASSOCIATES, LLC
    1037 Chuck Dawley Blvd., STE G100
    Mount Pleasant, South Carolina 29464
    T: (843) 577-7730
    rtl@lylesfirm.com / ald@lylesfirm.com
    **ATTORNEYS FOR PLAINTIFF**
    **RLI INSURANCE COMPANY**

Charleston, South Carolina
January 16, 2023